# EXHIBIT A

## STATE COURT FILINGS

ELECTRONICALLY FILED - 2026 Jul 16 2:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SUMTER | THIRD JUDICIAL CIRCUIT |
| MICHAEL TYLER BARRETT,<br><br>Plaintiff,<br><br>-vs-<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI d/b/a MOHELA,<br><br>Defendant. | Case No.<br><br>**SUMMONS** |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at PO Box 11865, Columbia, South Carolina 29211 within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
2191 Pickens Street, Suite 317
Columbia, SC 29201
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 16, 2026

ELECTRONICALLY FILED - 2026 Jul 16 2:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SUMTER | THIRD JUDICIAL CIRCUIT |
| MICHAEL TYLER BARRETT,<br><br>Plaintiff,<br><br>v.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, d/b/a MOHELA,<br><br>Defendant. | **COMPLAINT**<br><br>Jury Trial Requested |

## PARTIES

1. Plaintiff Michael Tyler Barrett is an individual consumer residing in Sumter, South Carolina. He is a veteran of the United States Army and a consumer as defined by 15 U.S.C. § 1681a(c) and S.C. Code Ann. § 37-1-301(10).

2. Defendant Higher Education Loan Authority of the State of Missouri, d/b/a MOHELA, is a student loan servicer with its principal place of business at 633 Spirit Drive, Chesterfield, Missouri 63005. At all relevant times, MOHELA acted as a furnisher of information to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2, and as a party engaged in consumer credit transactions within the meaning of S.C. Code Ann. § 37-5-108.

## INTRODUCTION

3. MOHELA, according to information it publishes about itself, employs nearly 325 loan servicing professionals who are committed to providing customer support on behalf of the Department of Education for school and borrower accounts assigned to it for servicing.

4. While "Missouri" is part of MOHELA's official name, none of the student loans discussed below are made or advanced by the State of Missouri.

5. MOHELA regularly reports information about thousands of consumers to the major credit reporting agencies and knows or should know that false information in a credit report can have a serious effect on a consumer's financial, physical, and emotional wellbeing.

ELECTRONICALLY FILED - 2026 Jul 16 2:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

6. Because of the importance of accurate credit reporting and the danger of false information, Congress passed the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

7. The FCRA requires that servicers like MOHELA who furnish information to credit reporting agencies must assure that the information is correct. If a credit reporting agency notifies a furnisher that a consumer disputes reported information, the furnisher must conduct a reasonable investigation to verify its accuracy, meaning a detailed and systematic examination of the information in its file.

8. If a furnisher verifies false information as true after receiving such notice, in violation of the Act, it is responsible for the resulting damages.

9. MOHELA has been sued in multiple jurisdictions by consumers for similar treatment and disregard of its obligations under the FCRA, and its conduct in this case appears routine.

## FACTS

### A. Plaintiff's Repayment History

10. Plaintiff has held federal student loans serviced by MOHELA since at least 2021, enrolled in an Income-Contingent Repayment plan with a monthly auto-draft payment of $255.31 from his SAFE Federal Credit Union checking account ending in 8893.

11. Beginning in October 2024, Plaintiff also made additional voluntary payments of $100.00 per month directed to the loan carrying the highest interest rate.

12. Plaintiff made every payment due, on time, and without interruption. MOHELA's own transaction records, obtained directly from MOHELA's account portal, confirm the following payments received during the relevant period, with no missed or returned payments and $0.00 in fees:

- 09/06/2025 — $255.31
- 09/22/2025 — $100.00
- 10/06/2025 — $255.31
- 10/20/2025 — $100.00
- 11/06/2025 — $255.31
- 11/20/2025 — $100.00
- 12/06/2025 — $255.31
- 12/18/2025 — $100.00
- 01/06/2026 — $255.31
- 01/22/2026 — $100.00

ELECTRONICALLY FILED - 2026 Jul 16 2:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

- 02/06/2026 — $255.31
- 02/20/2026 — $100.00

16. These payments are corroborated by Plaintiff's SAFE Federal Credit Union bank statements, which show corresponding ACH withdrawals to "DEPT EDUCATION" with MOHELA ACH trace numbers for each payment cycle.

17. As of December 22, 2025, the date of MOHELA's internal remediation deadline described below, the Federal Student Aid portal at StudentAid.gov reflected all four of Plaintiff's loans as "In Repayment," on the Income-Contingent Repayment plan, with a monthly payment of $255.00 and no indication of delinquency.

18. As of March 2, 2026, MOHELA's Account Summary reflected a total payment due of $0.00, all four loans in "Scheduled" status, and an upcoming auto-draft of $255.31 set for March 6, 2026.

**B. MOHELA's Misapplication of Payments and False Reporting**

19. In September 2025, Plaintiff received a notice from MOHELA that a payment had not been applied correctly, despite the funds having been successfully drafted from his bank account and received by MOHELA, as confirmed by MOHELA's own payment records.

20. Following this internal misapplication, MOHELA began transmitting false derogatory information to Equifax, Trans Union, and Experian, reporting Plaintiff's accounts as past due and delinquent, beginning with a reported "Date of 1st Delinquency" of September 6, 2025, the same date on which Plaintiff's regular $255.31 auto-draft payment was received and logged in MOHELA's records.

21. Plaintiff received successive 30-day, 60-day, and 90-day past-due notices from MOHELA, eventually stating an overdue balance in excess of $350.00, despite no payments having been missed.

22. Plaintiff contacted MOHELA's customer service on multiple occasions and was told each time that the problem was an internal error that would be resolved.

23. On or before December 22, 2025, a MOHELA account manager acknowledged the error and provided Plaintiff with three internal remediation tasks, each assigned an internal SLA deadline of December 22, 2025:

    - Task No. 18712879: Reapplication of payments from September 2025 forward to satisfy bills, with no delinquency.
    - Task No. 18712937: Payment amount redisclosure.
    - Task No. 18712919: No negative credit reporting.

24. Despite MOHELA's internal acknowledgment that no delinquency should exist and that negative credit reporting should cease immediately, all three tasks remained unresolved past their December 22, 2025 deadline, and MOHELA continued to report Plaintiff's accounts as delinquent.

ELECTRONICALLY FILED - 2026 Jul 16 2:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

25. When Plaintiff called on December 23, 2025 to follow up, a MOHELA customer service representative refused to accept the task numbers Plaintiff provided, repeatedly placed Plaintiff on hold, and denied his requests to speak with a supervisor.

26. MOHELA further failed at all times to note in its reporting to the credit reporting agencies that the disputed accounts were disputed by Plaintiff.

**C. CFPB Complaints and MOHELA's Non-Response**

27. On December 23, 2025, Plaintiff filed a complaint with the Consumer Financial Protection Bureau regarding MOHELA's misapplication of payments (CFPB Complaint No. ****6757). MOHELA's interim response stated only that additional research was needed to respond.

28. On December 31, 2025, Plaintiff filed a second CFPB complaint specifically regarding MOHELA's false credit reporting (CFPB Complaint No. ****6321), attaching his MOHELA payment history, proof of ICR payment amounts, a screenshot of the StudentAid.gov portal showing all loans in current repayment status, and a screenshot of his MOHELA account as of December 22, 2025.

29. As of March 2, 2026, MOHELA had failed to provide a final response to the second CFPB complaint, and the CFPB notified Plaintiff that MOHELA's response was past due.

**D. MOHELA's Failure to Investigate After CRA Dispute Notices**

30. Plaintiff filed a formal written dispute with Equifax on or about January 13, 2026 (Confirmation No. ****2208), disputing MOHELA's false delinquency reporting.

31. Pursuant to 15 U.S.C. § 1681i, Equifax notified MOHELA of the dispute, provided MOHELA with relevant information and documentation, and requested that MOHELA verify the accuracy of the reported information.

32. Upon receiving that notice, MOHELA was obligated under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation and to correct or delete any inaccurate information.

33. MOHELA failed to do so and instead falsely verified to Equifax that Plaintiff's delinquent account status "HAS BEEN REPORTED CORRECTLY." Equifax reported this result to Plaintiff on January 13, 2026.

34. Plaintiff filed a second written dispute with Equifax on or about January 30, 2026 (Confirmation No. ****8699). Equifax again notified MOHELA and forwarded documentation, and MOHELA again verified the false delinquency as accurate, responding that "THIS CREDITOR HAS VERIFIED TO OUR COMPANY THAT THE CURRENT STATUS IS BEING REPORTED CORRECTLY."

35. By this second false verification, the reported status had escalated to "Over 120 Days Past Due," with a reported past-due amount of $469.

ELECTRONICALLY FILED - 2026 Jul 16 2:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

36. Plaintiff filed a written dispute with Experian on or about January 30, 2026. Experian notified MOHELA and forwarded documentation, and MOHELA again verified the false delinquency; Experian's report continued to reflect the account as 90 days past due as of December 2025 and 120 days past due as of January 2026.

37. Upon information and belief, Plaintiff also filed a written dispute with Trans Union. Trans Union notified MOHELA and forwarded documentation, and MOHELA verified the false delinquency to Trans Union as well, which continued to appear on Plaintiff's Trans Union credit report as of March 2, 2026.

38. In total, MOHELA verified false derogatory information to one or more credit reporting agencies on at least three, and upon information and belief four, separate occasions after receiving formal dispute notices, each time having in its possession its own payment records showing that Plaintiff was current and its own internal task records acknowledging that no delinquency should be reported.

**E. Damages**

39. As a direct and proximate result of MOHELA's conduct, Plaintiff has suffered and continues to suffer the following damages:
    - Damage to his credit score and creditworthiness;
    - A false 90-to-120-day delinquency appearing on credit reports issued by Equifax, Trans Union, and Experian;
    - Lost opportunity to receive credit on favorable terms;
    - Damage to reputation;
    - Expenditure of significant time and effort filing multiple disputes, CFPB complaints, and related correspondence to correct a known, documented error;
    - Emotional distress, anxiety, and frustration; and
    - Such other actual damages as may be proven at trial.

40. The wrongful acts of MOHELA described above were intentional or reckless in nature, and MOHELA must pay nominal, punitive, and exemplary damages to punish the conduct and deter its recurrence, as well as attorney's fees, costs, and statutory penalties mandated by its violation of the FCRA.

**FOR A FIRST CAUSE OF ACTION**
**Violation of 15 U.S.C. § 1681s-2(b)**
**Failure to Conduct Proper Investigation**
**(Against MOHELA)**

41. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40 above.

ELECTRONICALLY FILED - 2026 Jul 16 2:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

42. The definition of a furnisher of information contained in the FCRA applies to Defendant MOHELA.

43. After being notified by Equifax, Experian, and Trans Union that Plaintiff disputed MOHELA's derogatory reporting, MOHELA failed to conduct timely or proper investigations of the disputed information as required by 15 U.S.C. § 1681s-2(b).

44. MOHELA negligently and willfully re-verified inaccurate derogatory information to the credit reporting agencies on at least three, and upon information and belief four, separate occasions, in violation of the Act's reinvestigation requirements.

45. MOHELA further failed to note in its reporting that the accounts were disputed as required.

46. MOHELA's own payment records confirmed Plaintiff's accounts were current at all times, and MOHELA's own account managers created remediation tasks, including a task expressly calling for "No negative credit reporting," acknowledging the error. MOHELA nonetheless continued to verify the false delinquency to the credit reporting agencies, recklessly or knowingly disregarding its obligations under the FCRA.

47. MOHELA maliciously and with willful intent to injure defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

48. Judgment should be granted against MOHELA for actual damages, punitive and exemplary damages, statutory penalties, and attorney's fees and costs as authorized by 15 U.S.C. §§ 1681n and 1681o.

**FOR A SECOND CAUSE OF ACTION**
**Unconscionable Conduct**
**Violation of S.C. Code Ann. § 37-5-108**
**(Against MOHELA)**

49. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 48 above.

50. The student loans at issue are consumer credit transactions within the meaning of the South Carolina Consumer Protection Code, S.C. Code Ann. § 37-1-102 et seq., as they were obtained primarily for personal purposes, specifically Plaintiff's higher education.

51. MOHELA is a party engaged in consumer credit transactions and collection thereof within the scope of Title 37 of the South Carolina Code.

52. S.C. Code Ann. § 37-5-108 prohibits unconscionable conduct in connection with a consumer credit transaction.

53. MOHELA engaged in unconscionable conduct in the following respects:

ELECTRONICALLY FILED - 2026 Jul 16 2:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

- MOHELA misapplied Plaintiff's payments, payments indisputably received as confirmed by MOHELA's records, and then transmitted false delinquency notices and past-due demands to Plaintiff for sums he did not owe;
- MOHELA's account managers acknowledged the error through internal remediation tasks, including a specific task to cease negative credit reporting, yet MOHELA made no correction and allowed the false delinquency to escalate, taking advantage of Plaintiff's limited ability to compel correction;
- MOHELA knowingly misrepresented the status of Plaintiff's account to credit reporting agencies on multiple occasions after receiving dispute notices, each time having contradicting payment records in hand, constituting misleading statements of material fact that damaged Plaintiff's creditworthiness; and
- MOHELA's customer service representatives engaged in oppressive conduct by refusing to accept internal task numbers Plaintiff provided, repeatedly placing him on hold, and denying his requests to speak with a supervisor, preventing Plaintiff from protecting his interests.

54. MOHELA's unconscionable conduct was knowing and intentional, as demonstrated by its internal acknowledgment of the error and its specific commitment to cease negative credit reporting, followed by continued false reporting and verification.

55. Pursuant to S.C. Code Ann. § 37-5-108(3), Plaintiff is entitled to recover actual damages, a civil penalty, attorney's fees and costs, and such other relief as the Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Michael Tyler Barrett respectfully requests that this Court enter judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

Respectfully Submitted

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

July 16, 2026

ELECTRONICALLY FILED - 2026 Jul 28 4:41 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SUMTER<br><br>MICHAEL TYLER BARRETT,<br><br>Plaintiff,<br>Vs.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI D/B/A MOHELA<br><br>Defendant(s). | IN THE COURT OF COMMON PLEAS<br>THIRD JUDICIAL CIRCUIT<br><br>Case No. 2026-CP-43-01238<br><br>**PROOF OF SERVICE** |

I, the undersigned, have served **CT CORPORATION SYSTEM** as registered agent for **Higher Education Loan Authority of the State of Missouri d/b/a MOHELA** by U.S. Certified Mail, Restricted Delivery, Return Receipt Requested on **July 20, 2026**, with a **Summons & Complaint** in the above-entitled action as shown by the attached receipt.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

David A. Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 27. 2026

14448357.1.1c-11

Dave Maxfield, Attorney, LLC
PO Box 11865
Columbia SC 29211

USPS CERTIFIED MAIL

9214 8901 4298 0489 2786 94

0014448357000011
VIA CERTIFIED MAIL
CT CORPORATION SYSTEM
450 Veterans Memorial Parkway, Ste. A
East Providence RI 02914

ELECTRONICALLY FILED - 2026 Jul 28 4:41 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

# See Important Information Enclosed

14448357.1.2-11

davemaxfield
CONSUMER PROTECTION LAW

Dave Maxfield, Attorney, LLC
Phone: 803-509-6800
Fax: 855-299-1656
ConsumerLawSC.com

2191 Pickens Street
Suite 317
Columbia, SC 29201

*Member, National Association of Consumer Advocates*

ELECTRONICALLY FILED - 2026 Jul 28 4:41 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

July 16, 2026

**VIA CERTIFIED MAIL**
CT CORPORATION SYSTEM
450 Veterans Memorial Parkway, Ste. A
East Providence, RI 02914

RE: Michael Tyler Barrett v. Higher Education Loan Authority of the State of Missouri d/b/a MOHELA
Case No. 2026-CP-43-01238

Dear Sir or Madam:

Enclosed herewith and served upon you on behalf of *Higher Education Loan Authority of the State of Missouri d/b/a MOHELA*, is a filed copy of a **Summons & Complaint** in the above matter.

Sincerely,

s/ Kristy Woodward
Paralegal to Dave Maxfield

Enc.

14448357.1.3-11

ELECTRONICALLY FILED - 2026 Jul 18 2:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SUMTER | THIRD JUDICIAL CIRCUIT |
| MICHAEL TYLER BARRETT,<br><br>Plaintiff,<br><br>-vs-<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI d/b/a MOHELA,<br><br>Defendant. | Case No.<br><br>**SUMMONS** |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at PO Box 11865, Columbia, South Carolina 29211 within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
2191 Pickens Street, Suite 317
Columbia, SC 29201
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: July 16, 2026

14448357 1.4-11

ELECTRONICALLY FILED - 2026 Jul 28 4:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SUMTER | THIRD JUDICIAL CIRCUIT |
| MICHAEL TYLER BARRETT,<br><br>Plaintiff,<br><br>v.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, d/b/a MOHELA,<br><br>Defendant. | **COMPLAINT**<br><br>Jury Trial Requested |

## PARTIES

1. Plaintiff Michael Tyler Barrett is an individual consumer residing in Sumter, South Carolina. He is a veteran of the United States Army and a consumer as defined by 15 U.S.C. § 1681a(c) and S.C. Code Ann. § 37-1-301(10).

2. Defendant Higher Education Loan Authority of the State of Missouri, d/b/a MOHELA, is a student loan servicer with its principal place of business at 633 Spirit Drive, Chesterfield, Missouri 63005. At all relevant times, MOHELA acted as a furnisher of information to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2, and as a party engaged in consumer credit transactions within the meaning of S.C. Code Ann. § 37-5-108.

## INTRODUCTION

3. MOHELA, according to information it publishes about itself, employs nearly 325 loan servicing professionals who are committed to providing customer support on behalf of the Department of Education for school and borrower accounts assigned to it for servicing.

4. While "Missouri" is part of MOHELA's official name, none of the student loans discussed below are made or advanced by the State of Missouri.

5. MOHELA regularly reports information about thousands of consumers to the major credit reporting agencies and knows or should know that false information in a credit report can have a serious effect on a consumer's financial, physical, and emotional wellbeing.

14448357 1.5-11

ELECTRONICALLY FILED - 2026 Jul 28 4:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

6. Because of the importance of accurate credit reporting and the danger of false information, Congress passed the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

7. The FCRA requires that servicers like MOHELA who furnish information to credit reporting agencies must assure that the information is correct. If a credit reporting agency notifies a furnisher that a consumer disputes reported information, the furnisher must conduct a reasonable investigation to verify its accuracy, meaning a detailed and systematic examination of the information in its file.

8. If a furnisher verifies false information as true after receiving such notice, in violation of the Act, it is responsible for the resulting damages.

9. MOHELA has been sued in multiple jurisdictions by consumers for similar treatment and disregard of its obligations under the FCRA, and its conduct in this case appears routine.

## FACTS

### A. Plaintiff's Repayment History

10. Plaintiff has held federal student loans serviced by MOHELA since at least 2021, enrolled in an Income-Contingent Repayment plan with a monthly auto-draft payment of $255.31 from his SAFE Federal Credit Union checking account ending in 8893.

11. Beginning in October 2024, Plaintiff also made additional voluntary payments of $100.00 per month directed to the loan carrying the highest interest rate.

12. Plaintiff made every payment due, on time, and without interruption. MOHELA's own transaction records, obtained directly from MOHELA's account portal, confirm the following payments received during the relevant period, with no missed or returned payments and $0.00 in fees:

- 09/06/2025 — $255.31
- 09/22/2025 — $100.00
- 10/06/2025 — $255.31
- 10/20/2025 — $100.00
- 11/06/2025 — $255.31
- 11/20/2025 — $100.00
- 12/06/2025 — $255.31
- 12/18/2025 — $100.00
- 01/06/2026 — $255.31
- 01/22/2026 — $100.00

14448357.1.6-11

ELECTRONICALLY FILED - 2026 Jul 28 4:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

- 02/06/2026 — $255.31
- 02/20/2026 — $100.00

16. These payments are corroborated by Plaintiff's SAFE Federal Credit Union bank statements, which show corresponding ACH withdrawals to "DEPT EDUCATION" with MOHELA ACH trace numbers for each payment cycle.

17. As of December 22, 2025, the date of MOHELA's internal remediation deadline described below, the Federal Student Aid portal at StudentAid.gov reflected all four of Plaintiff's loans as "In Repayment," on the Income-Contingent Repayment plan, with a monthly payment of $255.00 and no indication of delinquency.

18. As of March 2, 2026, MOHELA's Account Summary reflected a total payment due of $0.00, all four loans in "Scheduled" status, and an upcoming auto-draft of $255.31 set for March 6, 2026.

**B. MOHELA's Misapplication of Payments and False Reporting**

19. In September 2025, Plaintiff received a notice from MOHELA that a payment had not been applied correctly, despite the funds having been successfully drafted from his bank account and received by MOHELA, as confirmed by MOHELA's own payment records.

20. Following this internal misapplication, MOHELA began transmitting false derogatory information to Equifax, Trans Union, and Experian, reporting Plaintiff's accounts as past due and delinquent, beginning with a reported "Date of 1st Delinquency" of September 6, 2025, the same date on which Plaintiff's regular $255.31 auto-draft payment was received and logged in MOHELA's records.

21. Plaintiff received successive 30-day, 60-day, and 90-day past-due notices from MOHELA, eventually stating an overdue balance in excess of $350.00, despite no payments having been missed.

22. Plaintiff contacted MOHELA's customer service on multiple occasions and was told each time that the problem was an internal error that would be resolved.

23. On or before December 22, 2025, a MOHELA account manager acknowledged the error and provided Plaintiff with three internal remediation tasks, each assigned an internal SLA deadline of December 22, 2025:

    - Task No. 18712879: Reapplication of payments from September 2025 forward to satisfy bills, with no delinquency.
    - Task No. 18712937: Payment amount redisclosure.
    - Task No. 18712919: No negative credit reporting.

24. Despite MOHELA's internal acknowledgment that no delinquency should exist and that negative credit reporting should cease immediately, all three tasks remained unresolved past their December 22, 2025 deadline, and MOHELA continued to report Plaintiff's accounts as delinquent.

14448357.1.7-11

ELECTRONICALLY FILED - 2026 Jul 28 2:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

25. When Plaintiff called on December 23, 2025 to follow up, a MOHELA customer service representative refused to accept the task numbers Plaintiff provided, repeatedly placed Plaintiff on hold, and denied his requests to speak with a supervisor.

26. MOHELA further failed at all times to note in its reporting to the credit reporting agencies that the disputed accounts were disputed by Plaintiff.

**C. CFPB Complaints and MOHELA's Non-Response**

27. On December 23, 2025, Plaintiff filed a complaint with the Consumer Financial Protection Bureau regarding MOHELA's misapplication of payments (CFPB Complaint No. ****6757). MOHELA's interim response stated only that additional research was needed to respond.

28. On December 31, 2025, Plaintiff filed a second CFPB complaint specifically regarding MOHELA's false credit reporting (CFPB Complaint No. ****6321), attaching his MOHELA payment history, proof of ICR payment amounts, a screenshot of the StudentAid.gov portal showing all loans in current repayment status, and a screenshot of his MOHELA account as of December 22, 2025.

29. As of March 2, 2026, MOHELA had failed to provide a final response to the second CFPB complaint, and the CFPB notified Plaintiff that MOHELA's response was past due.

**D. MOHELA's Failure to Investigate After CRA Dispute Notices**

30. Plaintiff filed a formal written dispute with Equifax on or about January 13, 2026 (Confirmation No. ****2208), disputing MOHELA's false delinquency reporting.

31. Pursuant to 15 U.S.C. § 1681i, Equifax notified MOHELA of the dispute, provided MOHELA with relevant information and documentation, and requested that MOHELA verify the accuracy of the reported information.

32. Upon receiving that notice, MOHELA was obligated under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation and to correct or delete any inaccurate information.

33. MOHELA failed to do so and instead falsely verified to Equifax that Plaintiff's delinquent account status "HAS BEEN REPORTED CORRECTLY." Equifax reported this result to Plaintiff on January 13, 2026.

34. Plaintiff filed a second written dispute with Equifax on or about January 30, 2026 (Confirmation No. ****8699). Equifax again notified MOHELA and forwarded documentation, and MOHELA again verified the false delinquency as accurate, responding that "THIS CREDITOR HAS VERIFIED TO OUR COMPANY THAT THE CURRENT STATUS IS BEING REPORTED CORRECTLY."

35. By this second false verification, the reported status had escalated to "Over 120 Days Past Due," with a reported past-due amount of $469.

14448357.1.8-11

ELECTRONICALLY FILED - 2026 Jul 28 4:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

36. Plaintiff filed a written dispute with Experian on or about January 30, 2026. Experian notified MOHELA and forwarded documentation, and MOHELA again verified the false delinquency; Experian's report continued to reflect the account as 90 days past due as of December 2025 and 120 days past due as of January 2026.

37. Upon information and belief, Plaintiff also filed a written dispute with Trans Union. Trans Union notified MOHELA and forwarded documentation, and MOHELA verified the false delinquency to Trans Union as well, which continued to appear on Plaintiff's Trans Union credit report as of March 2, 2026.

38. In total, MOHELA verified false derogatory information to one or more credit reporting agencies on at least three, and upon information and belief four, separate occasions after receiving formal dispute notices, each time having in its possession its own payment records showing that Plaintiff was current and its own internal task records acknowledging that no delinquency should be reported.

**E. Damages**

39. As a direct and proximate result of MOHELA's conduct, Plaintiff has suffered and continues to suffer the following damages:

- Damage to his credit score and creditworthiness;
- A false 90-to-120-day delinquency appearing on credit reports issued by Equifax, Trans Union, and Experian;
- Lost opportunity to receive credit on favorable terms;
- Damage to reputation;
- Expenditure of significant time and effort filing multiple disputes, CFPB complaints, and related correspondence to correct a known, documented error;
- Emotional distress, anxiety, and frustration; and
- Such other actual damages as may be proven at trial.

40. The wrongful acts of MOHELA described above were intentional or reckless in nature, and MOHELA must pay nominal, punitive, and exemplary damages to punish the conduct and deter its recurrence, as well as attorney's fees, costs, and statutory penalties mandated by its violation of the FCRA.

**FOR A FIRST CAUSE OF ACTION**
**Violation of 15 U.S.C. § 1681s-2(b)**
**Failure to Conduct Proper Investigation**
**(Against MOHELA)**

41. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40 above.

14448357.1.9-11

ELECTRONICALLY FILED - 2026 Jul 26 4:39 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

42. The definition of a furnisher of information contained in the FCRA applies to Defendant MOHELA.

43. After being notified by Equifax, Experian, and Trans Union that Plaintiff disputed MOHELA's derogatory reporting, MOHELA failed to conduct timely or proper investigations of the disputed information as required by 15 U.S.C. § 1681s-2(b).

44. MOHELA negligently and willfully re-verified inaccurate derogatory information to the credit reporting agencies on at least three, and upon information and belief four, separate occasions, in violation of the Act's reinvestigation requirements.

45. MOHELA further failed to note in its reporting that the accounts were disputed as required.

46. MOHELA's own payment records confirmed Plaintiff's accounts were current at all times, and MOHELA's own account managers created remediation tasks, including a task expressly calling for "No negative credit reporting," acknowledging the error. MOHELA nonetheless continued to verify the false delinquency to the credit reporting agencies, recklessly or knowingly disregarding its obligations under the FCRA.

47. MOHELA maliciously and with willful intent to injure defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

48. Judgment should be granted against MOHELA for actual damages, punitive and exemplary damages, statutory penalties, and attorney's fees and costs as authorized by 15 U.S.C. §§ 1681n and 1681o.

**FOR A SECOND CAUSE OF ACTION**
**Unconscionable Conduct**
**Violation of S.C. Code Ann. § 37-5-108**
**(Against MOHELA)**

49. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 48 above.

50. The student loans at issue are consumer credit transactions within the meaning of the South Carolina Consumer Protection Code, S.C. Code Ann. § 37-1-102 et seq., as they were obtained primarily for personal purposes, specifically Plaintiff's higher education.

51. MOHELA is a party engaged in consumer credit transactions and collection thereof within the scope of Title 37 of the South Carolina Code.

52. S.C. Code Ann. § 37-5-108 prohibits unconscionable conduct in connection with a consumer credit transaction.

53. MOHELA engaged in unconscionable conduct in the following respects:

14448357.1.10-11

ELECTRONICALLY FILED - 2026 Jul 16 4:31 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

- MOHELA misapplied Plaintiff's payments, payments indisputably received as confirmed by MOHELA's records, and then transmitted false delinquency notices and past-due demands to Plaintiff for sums he did not owe;
- MOHELA's account managers acknowledged the error through internal remediation tasks, including a specific task to cease negative credit reporting, yet MOHELA made no correction and allowed the false delinquency to escalate, taking advantage of Plaintiff's limited ability to compel correction;
- MOHELA knowingly misrepresented the status of Plaintiff's account to credit reporting agencies on multiple occasions after receiving dispute notices, each time having contradicting payment records in hand, constituting misleading statements of material fact that damaged Plaintiff's creditworthiness; and
- MOHELA's customer service representatives engaged in oppressive conduct by refusing to accept internal task numbers Plaintiff provided, repeatedly placing him on hold, and denying his requests to speak with a supervisor, preventing Plaintiff from protecting his interests.

54. MOHELA's unconscionable conduct was knowing and intentional, as demonstrated by its internal acknowledgment of the error and its specific commitment to cease negative credit reporting, followed by continued false reporting and verification.

55. Pursuant to S.C. Code Ann. § 37-5-108(3), Plaintiff is entitled to recover actual damages, a civil penalty, attorney's fees and costs, and such other relief as the Court deems appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Michael Tyler Barrett respectfully requests that this Court enter judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

Respectfully Submitted

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

July 16, 2026

14448357.1.11-11

ELECTRONICALLY FILED - 2026 Jul 28 4:41 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

MICHAEL TYLER BARRETT
Plaintiff,

Vs.

HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI d/b/a MOHELA,
Defendant,

IN THE COURT OF COMMON PLEAS
THIRD JUDICIAL CIRCUIT

Case No. 2026-CP-43-01238

**CERTIFICATE OF SERVICE**

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on **July 16, 2026**, I served the foregoing **Summons & Complaint**, by sending a copy of same by United States First Class Mail, Certified Delivery, Return Receipt Requested to the following:

CT CORPORATION SYSTEM
450 Veterans Memorial Parkway, Ste. A
East Providence, RI 02914
*(on behalf of Higher Education Loan Authority of the State of Missouri d/b/a MOHELA)*

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATE: July 16, 2026

UNITED STATES
POSTAL SERVICE

ELECTRONICALLY FILED - 2026 Jul 28 4:41 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

Date Produced: 07/27/2026

LETTERSTREAM:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 4298 0489 2786 94. Our records indicate that this item was delivered on 07/20/2026 at 10:39 a.m. in EAST PROVIDENCE, RI 02914. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

ELECTRONICALLY FILED - 2026 Jul 28 4:41 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238

## Certified Mail Tracking

Track another [ ] track it

**Tracking ID: 9214890142980489278694**

**Job: Barrett v MOHELA SC (#14448357)**

**To: VIA CERTIFIED MAIL CT CORPORATION SYSTEM**

### Tracking: 9214890142980489278694

**Events**

| When | What | Where |
|---|---|---|
| 2026-07-20 10:39 | Delivered, Left with Individual | EAST PROVIDENCE, RI 02914 |
| 2026-07-20 08:12 | Out for Delivery | EAST PROVIDENCE, RI 02914 |
| 2026-07-20 08:01 | Arrived at Post Office | SEEKONK, MA 02771 |
| 2026-07-19 11:08 | Arrived at USPS Regional Destination Facility | PROVIDENCE RI DISTRIBUTION CENTER |
| 2026-07-18 00:00 | In Transit to Next Facility | |
| 2026-07-17 17:23 | Arrived at USPS Regional Origin Facility | PHOENIX AZ DISTRIBUTION CENTER |

| When | What | Where |
| --- | --- | --- |
| 2026-07-17 16:08 | Accepted at USPS Regional Origin Facility | PHOENIX AZ DISTRIBUTION CENTER |
| 2026-07-16 22:27 | Shipment Received, Package Acceptance Pending | PHOENIX, AZ 85026 |
| 2026-07-16 00:00 | Pre-Shipment, USPS Awaiting Item | |

The source of all Certified Mail tracking information comes from the USPS and is verifiable at USPS.com.

Print The Above

ELECTRONICALLY FILED - 2026 Jul 28 4:41 PM - SUMTER - COMMON PLEAS - CASE#2026CP4301238